IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**BROOKE WHORLEY,** *et al.***,**

    **Plaintiffs**,

v.     Case No. 3:20-cv-255

**RALPH NORTHAM,** *et al.***,**

    **Defendants**.

## NOTICE

On September 22, 2020, and pursuant to the terms of Paragraph (5) of the Settlement Agreement, Plaintiffs provided Defendants with a second Notice of Substantial Non-Compliance. After following the resolution process described in Paragraph (5) of the Settlement Agreement, the parties were able to reach resolution of the matters contained therein. The parties jointly submit this notice to memorialize agreements reached following the Plaintiffs' second notice of substantial noncompliance. The parties reached agreement on the following items:

1. **Attorney Legal Calls**

Plaintiff's counsel with the American Civil Liberties Union of Virginia ("ACLU-VA") will provide Defendants' counsel with the names of attorney volunteers assisting ACLU-VA to interview incarcerated individuals to determine compliance with the settlement agreement. As new volunteers join, ACLU-VA will provide counsel for Defendants with their names on a periodic basis. Defendants agree to share the names of the attorney volunteers with the

individuals coordinating attorney phone calls at Virginia Department of Corrections ("VDOC") facilities.

2. **Priority Consideration for Early Release for People at Increased Health Risk**

As part of their expedited review under the Inmate Early Release Plan (IERP), VDOC agrees to identify incarcerated individuals with conditions that the CDC classifies as putting the individual "at risk" of health complications if they were to develop COVID-19. This list of conditions will be adjusted accordingly if any conditions are removed from or added to this list by the CDC. VDOC agrees to check for changes to the CDC list monthly.[1]

VDOC will issue a memo to the incarcerated population explaining that if incarcerated persons have been diagnosed with one of the above-listed conditions and are otherwise IERP-eligible, they can submit an Offender Request Form to the warden of their facility requesting expedited IERP screening for medical reasons. After the warden confirms that the inmate is IERP-eligible, the warden will submit the form to the medical department to verify the diagnoses. Once the medical department has verified that the inmate has a qualifying diagnosis, that inmate's name and information will be forwarded to VDOC administrators so the inmate will be immediately included in the IERP review.

If it appears that a substantial percentage of the offenders identified as "at risk" have been through the review process, VDOC remains open to considering whether conditions that the

---

[1] The parties are still conferring as how an inmate's history of smoking should be assessed and weighed during this review process. Although "smoking" is listed as a risk-factor by the CDC, the parties are seeking further clarification as to what type of smoking history would be needed in order to bring an inmate within the scope of this risk factor. All parties reserve the right to raise this issue with the Court, if needed, to reach a final resolution on this question.

CDC has identified as "might" placing an individual at risk of adverse complications should be added to the list of qualifying medical conditions for this line of review.

3. **Centralized Offender COVID-19 Complaint Line**

VDOC agrees to create an anonymous complaint "hotline" for incarcerated individuals using the GTL telephone service, similar to the hotline currently in place for Prison Rape Elimination Act (PREA) complaints. VDOC will develop and disseminate an instruction sheet explaining to the incarcerated population how to use the hotline and that it is anonymous. ACLU-VA will have an opportunity to review the instruction sheet before dissemination. VDOC agrees that all complaints from incarcerated individuals through the hotline will be centrally logged and referred to the warden or superintendent of the relevant institution for investigation. VDOC agrees to investigate complaints within seven business days, barring exceptional circumstances.

4. **COVID-19 Complaints from Employees**

VDOC will issue a memo to all staff identifying the avenues by which employees may raise concerns regarding COVID-19, instructing them how to access these avenues, and specifying which avenues may be accessed anonymously. ACLU-VA will have the opportunity to review the memo before it is disseminated.

5. **Communication with Virginia Department of Health ("VDH")**

VDOC will put ACLU-VA in contact with an official at VDH to discuss VDH's cooperative efforts with VDOC and the specific recommendations that VDH experts have made to VDOC regarding particular facilities with active outbreaks.

6. **Expedited IERP Review at Outbreak Facilities**

VDOC voluntarily expedited IERP reviews of offenders at Deerfield Correctional Facility and Fluvanna Corrections Center during outbreaks at those facilities. If outbreaks similar in scope and severity occur at other correctional centers in the future, VDOC will consider prioritizing review of all IERP-eligible individuals at those facilities.

Respectfully Submitted,

**/s/ Eden Heilman**
Eden Heilman (VSB N. 93554)
Vishal Agraharkar (VSB No. 91129)
Nicole Tortoriello (VSB No. 93746)
ACLU FOUNDATION OF VIRGINIA
701 E. Franklin St., Suite 1412
Richmond, VA 23219
Tel: (804) 523-2152
eheilman@acluva.org
vagraharkar@acluva.org
ntortoriello@acluva.org

Elliot Harding (VSB No. 90442)
Harding Counsel, PLLC
608 Elizabeth Avenue
Charlottesville, VA 22901
Tel: (434) 962-8465
hardingcounsel@gmail.com

*Counsel for Plaintiffs*

**/s/ Margaret Hoehl O'Shea**
Margaret Hoehl O'Shea
Office of the Attorney General
Criminal Justice & Public Safety Division
202 North 9th St.
Richmond, VA 23219
Tel: (802) 225-2206
moshea@oag.state.va.us

*Counsel for Defendants*