## SETTLEMENT AGREEMENT

This agreement supersedes the prior Stipulated Settlement Agreement entered into by the parties in *Whorley et al. v. Northam et al.*, Case No. 3:20-cv-00255, dated May 11, 2020, a copy of which was docketed in the electronic case file as ECF No. 11-01. As of the date of this Agreement, the prior Stipulated Settlement Agreement shall no longer have force and effect, and the relative rights and obligations of the parties shall instead be governed by the following.

The parties to this Agreement are Defendant Harold Clarke, Director of the Virginia Department of Corrections (VDOC), in his official capacity, and Plaintiffs, twenty-seven individuals incarcerated in the custody of the Virginia Department of Corrections (VDOC): Brooke Whorley, Brenda van Emmenis, Gale Jones, Candace Blankenship, Olivia Ivashin, Lartaija Banks, Alonzo Williams, Ennis Stewart, Felipe Franco, Jesse Davenport, Matthew Mosher, Bruce Harris, Jonathan McMillan, Anthony Vicks, Warren Medley-Green, Antonio Perryell, Da'Von Walker, Warren Brooks, Larog Trowell, Benjamen Fyfe, Michael Sullivan, Courtney Stroble, Dwight Horton, Milton Williams, Frank Fairchild, Timothy Brummett, and Donnie Offenbacker.

The parties to this Agreement, by and through their respective counsel, jointly stipulate and agree to the following:

1.  **Vaccination Efforts.** VDOC agrees to incorporate in an official memorandum a cohesive plan for continuing to provide vaccinations to (1) new people transferring in from local and regional jails; (2) people who have previously rejected the vaccine; and (3) people who have already received the vaccine if the Centers for Disease Control and Prevention (CDC) determines that routine vaccinations or boosters are necessary to maintain immunity. The plan will also provide for ongoing education measures about the vaccination for the inmate population. Plaintiffs will have a meaningful opportunity to review and provide feedback on the official policy before it is finalized and distributed.

2.  **Reporting of Active COVID-19 Cases.** VDOC agrees that it shall continue to update its public website with the number of active COVID-19 cases in the inmate population, disaggregated by facility, as well as active cases among VDOC staff members. These updates shall be provided on a weekly basis. Aside from the weekly updates, if testing reveals more than 25 active cases at a single facility, the website will be updated to reflect the results of that testing on the following business day, or as soon as otherwise feasible.

3.  **Review Under the Inmate Early Release Plan (IERP).** VDOC agrees that it shall continue to review inmates who seek early release under the IERP. VDOC will prioritize continued review of those inmates who request early release because of preexisting medical conditions that place them at greater risk of an adverse outcome

1

if they were to become infected with COVID-19. The number of people released under the IERP will continue to be updated weekly on VDOC's public website.

4.    **Medical Co-Pays.** VDOC agrees to continue to suspend co-pays for all sick calls, emergency grievances, and medical assessments for the duration of this Agreement. VDOC further agrees to suspend co-pays as to any COVID-related sick calls that may be scheduled after the termination of this Agreement.

5.    **COVID-19 Grievance Prioritization.** VDOC will continue to prioritize the processing of informal complaints and grievances alleging delay in medical assessment or treatment related to COVID-19, as well as any grievances regarding failure to abide by COVID-19-related policies and protocols, such as deficiencies in personal protective equipment ("PPE"), sanitation, or access to personal hygiene or cleaning supplies.

6.    **Confidential Legal Calls.** VDOC shall continue to ensure that attorneys and their supervised agents have the opportunity to conduct confidential legal calls with any inmate in a VDOC facility, in the same manner as has been provided during the course of the COVID pandemic to date. Such calls will be conducted at no cost to the inmate, through the inmate telephone system, and VDOC shall continue to require that the facility disable the automatic recording system to ensure that the legal call is not recorded. Such calls shall be permitted to be of sufficient duration to discuss confidential matters. If the facility's telephone provider is causing a delay greater than 48 hours in adding attorney phone numbers to the block list, the facility shall provide interim access to confidential calls by another avenue appropriate in that facility.

7.    **Vaccination Rates.** On the first business day of the month, VDOC will provide, through counsel, the total number of VDOC staff members and inmates who have been vaccinated, disaggregated by facility.

8.    **Termination of Federal Jurisdiction.** The parties agree that the United States District Court for the Eastern District of Virginia does not have jurisdiction over any dispute arising out of the execution of this Agreement, which shall instead constitute a Private Settlement Agreement within the meaning of the federal Prisoner Litigation Reform Act (PLRA).

9.    **Dispute Resolution.** In the event of a dispute under this Agreement, the parties agree to negotiate in good faith to attempt to resolve the dispute prior to the initiation of any litigation.

10.   **Duration of this Agreement.** The parties agree that this Agreement shall remain in full force and effect for thirty (30) days following the expiration or termination

2

of the Commonwealth of Virginia's state of emergency as a result of the ongoing COVID-19 pandemic, or as of October 1, 2021, whichever date is later.

11. **No Admission of Liability:** Plaintiffs acknowledge that this Agreement does not constitute an admission by the Defendants of any: (a) liability; (b) violation of any federal, state or local statute, law, regulation, order or other requirement of law; (c) breach of contract, actual or implied; (d) commission of any tort; or (e) other civil wrong.

12. **Virginia Law Applies:** This Agreement shall be deemed to have been made within the Commonwealth of Virginia and shall be interpreted, construed and enforced in accordance with the laws of the Commonwealth of Virginia.

13. **Attorney's Fees:** The prevailing party may be entitled to an award of attorneys' fees in any action commenced to enforce this Agreement or any provision therein.

14. **Severability:** If one or more provisions of this Agreement shall be ruled unenforceable or void, the parties may enforce the remainder of this Agreement.

15. **Non-Waiver:** Failure of either Party to enforce any provision of this Agreement shall not be construed as a waiver of that or any other provision.

16. **Voluntary Agreement:** The parties have had an opportunity to consult with an attorney before signing this Agreement. The Plaintiffs acknowledge that, in signing this Agreement, they relied only on the promises set forth in this Agreement and not on any other promise made by the Defendants. This Agreement has been entered into freely, knowingly, and voluntarily and not as a result of coercion, duress, or undue influence.

17. **Entire Agreement:** This Agreement constitutes the entire understanding and agreement between the Parties hereto with respect to its subject matter. This Agreement supersedes all other understandings, agreements, communications or negotiations (whether written or oral) between the Parties hereto with respect to such subject matter. Each party represents, warranties, and covenants that it has the full legal authority to enter into this Agreement and to perform the duties and obligations arising under this Agreement.

18. **Written Amendment Required:** This Agreement may not be amended, changed or altered, except by a writing signed by the Parties.

19. **Binding Obligations:** This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successors, assigns, estate, heirs and personal representatives.

20.   **Counterparts:** This Agreement may be executed in counterparts or with electronic signatures, and if so executed each such counterpart shall have the force and effect of an original. A facsimile or copy of an original signature transmitted to the other Party is effective as an original document.

**IN WITNESS WHEREOF**, the Parties hereto have executed this Agreement as of the _____ day of _____, 2021.

**Entered:**

Elliott Harding                                          5 /29/2021
Harding Counsel, PLLC                                    Date
~~800 Preston Ave, Suite 300~~ 608 Elizabeth Ave
Charlottesville, VA 22901
Tel: (434) 962-8465
Email: hardingcounsel@gmail.com

Vishal Agraharkar                                        5-28-2021
Eden Heilman                                             Date
Jason Harary
ACLU FOUNDATION OF VIRGINIA
701 E. Franklin St., Suite 1412
Richmond, VA 23219
Tel: (804) 523-2152
Email: vagraharkar@acluva.org
eheilman@acluva.org
jharary@acluva.org

*Counsel for Plaintiffs*

4



05/28/21

Margaret Hoehl O'Shea
Office of the Attorney General
Criminal Justice & Public Safety Division
202 North 9th Street
Richmond, Virginia 23219
(804) 225-2206
Email: moshea@oag.state.va.us

Date

*Counsel for Defendants*

5